

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20001

November 4, 2005

VIA FAX- (202) 293-0701 AND U.S. MAIL

Solomon Wisenberg, Esq.
1717 Rhode Island Avenue, N.W. Suite 600
Washington, D.C. 20036

**FILED**

JAN 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05cr437

Re:   Guilty Plea Materials for Janette Faber

Dear Mr. Wisenberg:

This letter sets forth the full and complete plea offer to your client, Ms. Janette Faber. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on November 18, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.   **Charges:** Ms. Faber agrees to waive indictment and to plead guilty to a one-count information charging a violation of 18 U.S.C. §2314, interstate transportation of stolen or fraudulently obtained property. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Faber and will be entered in accordance with Federal Rule of Criminal Procedure 11. Ms. Faber agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Faber's actions and involvement in the offense. It is anticipated that during the Rule 11 plea hearing, Ms. Faber will adopt and sign the Statement of the Offense as a written proffer of evidence.

2.   **Potential penalties, assessments, and restitution:** Ms. Faber understands that the maximum sentence that can be imposed is 10 years of imprisonment, a fine of $250,000, or a fine of not more twice the monetary equivalent of the thing of value, whichever is greater, a $100 special assessment and a three year term of supervised release. Notwithstanding the maximum sentence, Ms. Faber understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2003) (hereinafter "Sentencing Guidelines" or "U.S.S.G.").

Ms. Faber further understands that if the Court imposes a sentence which is in any way unsatisfactory to her, she cannot move to withdraw her guilty plea.

3.     **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant sentencing guidelines issues:

| | | |
|---|---|---|
| § 2B1.1(a)(2) | Base Offense Level | 6 |
| § 2B1.1(b)(1)(I) | Loss More Than $1,000,000 | 16 |
| Total | | 22 |
| § 3E.1.1 | Acceptance of Responsibility | -3 |
| Total | | 19 |

The parties agree that based on the unique facts of this case, guideline §5K2.16 (voluntary disclosure of offense) applies, so that a downward departure from the otherwise applicable guidelines range would be appropriate. The government takes no position on the amount of any such departure and leaves the decision to the sound discretion of the Court. The defendant reserves the right to argue for a specific amount of downward departure pursuant to §5K2.16. In the event that this plea offer is either not accepted by Ms. Faber or is accepted by Ms. Faber but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4.     **Financial Arrangements:** Ms. Faber agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Ms. Faber agrees to pay full restitution to the victim, Synder Properties and its insurance company, Montgomery Insurance, for all losses in the approximate amount of $1,354,376.54. Ms. Faber also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5.     **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Ms. Faber's release pending sentencing, agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Ms. Faber's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Faber continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material

questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Faber in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Faber does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Faber.

7. **Bond Conditions:** Ms. Faber understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

8. **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Faber's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. **Breach of Agreement:** Ms. Faber agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Faber's release (for example, should Ms. Faber commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Faber's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Faber will not have the right to move to withdraw the guilty plea; (c) Ms. Faber shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the

3

government will be free to use against Ms. Faber, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Faber has breached this agreement, and if Ms. Faber so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

10. **Statute of Limitations Waiver**: Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Ms. Faber knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

11. **USAO-DC's Criminal Division Bound**: Ms. Faber understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Faber.

12. **Complete Agreement**: No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Faber, Ms. Faber's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Faber may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Faber and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
JOHN D. GRIFFITH
Assistant United States Attorney

    I have read this plea agreement and have discussed it with my attorney, Solomon Wisenberg, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

    I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 11/17/05

_____
Janette Faber
Defendant

    I have read each page of this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 11/18/05

_____
Solomon Wisenberg, Esquire
Attorney for the Defendant Janette Faber