# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JANETTE FABER

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 05-437

Solomon Wisenberg, Esquire
Defendant's Attorney

**FILED**
MAY - 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

Pleaded guilty to count one on 1/12/06.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title and Section | Nature of Offense | Date Offense Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. 2314 | Interstate Transportation of Stolen or Fraudulently Obtained Property | November 2004 | One |

As pronounced on April 21, 2006, the defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the ____ day of _____, 2006.

The Judge Honorable Rosemary M. Collyer

Defendant's Soc. Sec. No.: XXX-XX-4137
Defendant's Date of Birth: XX-XX-1961
Defendant's USM No.: 28499-016

Defendant: JANETTE FABER                                                                                 Judgment - Page 2 of 4
Case Number: 05-437

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months on count one of the information.

The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant he housed at Federal Prison Camp Alderson in Alderson, West Virginia.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

As notified by the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
    Deputy Marshal

Defendant: JANETTE FABER                                                                                  Judgment - Page 3 of 4
Case Number: 05-437

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three years on count one of the information.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

1. You will not leave the judicial district without permission of the Court or probation officer.
2. You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3. You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4. You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5. You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. You will notify the probation officer at least ten days prior to any change of residence or employment.
7. You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8. You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9. You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10. You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11. You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12. As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13. You will not possess a firearm, destructive device, or other dangerous weapon.

# ADDITIONAL CONDITIONS:

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

The defendant shall provide the Probation Office with her income tax returns, authorization for release of credit information, and any other business or financial information in which she has a control or interest.

Pursuant to 42 U.S.C. section 14135a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the United States Probation Office.

The Court finds that the provision for submission of periodic drug tests, as required under 18 USC 3563(a) and 3583(b), is suspended, as the defendant is believed to pose a low risk of future substance abuse.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

The defendant has the right to appeal the sentence imposed by this Court. If the defendant chooses to appeal, the defendant must do so within 10 days after the Court has entered judgement in this case. If the defendant is unable to afford the cost of an appeal, the defendant may request permission from the Court to file an appeal in forma pauperis - that is, without any cost to her.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $1,002,873.53 | $0.00 |

### ASSESSMENT

It is ordered that the defendant shall pay to Clerk of the Court for the US District Court, District of Columbia a special assessment of $100.00 for count one, the assessment fee having already been satisfied..

### RESTITUTION

The defendant shall make restitution in the total amount of $1,002,873.53. The interest for restitution is waived by the Court. The restitution payment is due immediately. Any balance remaining upon release from custody shall be paid at a rate to be determined upon release and reassessment of her financial situation by the local Probation Office.

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Payee Address | City, State, Zip | Amount |
|---|---|---|---|
| Snyder Properties | 3286 M St NW | Washington, DC 20007 | $$902, 873.53 |
| Montgomery Insurance | 17810 Meeting House Road | Sandy Spring, Maryland 20860 | $$100,000 |

If a victim has received compensation from insurance or any other source with respect to a loss, restitution shall be paid to the person who provided or is obligated to provide the compensation, but all restitution of victims shall be paid to the victims before any restitution is paid to such a provider of compensation.

### FINE

The Court finds that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case.

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.