IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No.  CR-05-437-01 (RMC) |
| | : | |
| v. | : | |
| | : | |
| JANETTE FABER, | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO RECONSIDER SENTENCE

TO THE HONORABLE ROSEMARY M. COLLYER, U.S. DISTRICT JUDGE
FOR THE DISTRICT OF COLUMBIA:

Defendant Janette Faber, by and through undersigned counsel, respectfully moves

the Court to reconsider the sentence imposed in the above-captioned case.  In support of

her motion the defendant represents the following:

1.  Ms. Faber does not take issue with the general reasoning articulated by the

Court at the April 21, 2006 sentencing hearing.[1]  At that hearing, the Court downwardly

departed from Ms. Faber's guideline range of level 19 (30-37 months) by two levels, to

level 17 (24-30 months), imposing a sentence of 24 months.

2.  At the sentencing hearing the Court stressed the large amount of money Ms.

Faber stole, the repeated and long-term nature of the theft, and Ms. Faber's sound and

---

[1] This is not a Rule 35 motion; rather, it is a motion to reconsider, as permitted under *United States v. Ibarra*, 501 U.S. 1 (1991).

relatively trouble-free upbringing. The Court acknowledged Ms. Faber's actions in voluntarily coming forward, turning herself into federal criminal law enforcement authorities and admitting her crime to the victim, all at a time when neither the authorities nor the victim had any idea that a crime had been committed. Indeed, it was based on Ms. Faber's voluntary actions that the Court downwardly departed by two levels.

3. Ms. Faber now asks the Court to reconsider only the extent of its downward departure, to revise that departure another two levels down to level 15 (18-24 months) and to sentence Ms. Faber to 18 months. This would keep Ms. Faber within Zone D, rendering her ineligible for split sentencing, probation or community confinement, but would also further recognize the profound significance (and potential deterrent effect) of her nearly unprecedented voluntary admissions to authorities.

4. In moving Ms. Faber down two levels and imposing a sentence of 24 months, based on her voluntary disclosure of the offense (§5K2.16), the Court granted Ms. Faber less of a downward departure from the Guideline minimum than the median downward departure received by offenders who substantially assist the government pursuant to

2

§5K1.1.[2]  But those offenders who receive §5K1.1 credit for substantial assistance have, virtually by definition, been caught red-handed before they plead guilty.  They assist the government because they have little choice, and it is the last step they can take to receive a lesser sentence.

5.  By way of contrast, in an exceedingly rare act within the federal criminal justice system, Ms. Faber voluntarily disclosed the existence of an offense that nobody knew about, or was even likely to know about in the foreseeable future, if ever.  In the process she knowingly exposed herself to criminal charges that may very well have never been filed but for her confession.  This was, quite simply, remarkable.  The Assistant United States Attorney who prosecuted the case stated at sentencing that he has never seen anything like it, nor has undersigned counsel in his 20 years of law practice on both sides of the docket.  The FBI Special Agent assigned to the case has never seen anything like it.  In 19 years of federal criminal district and appellate court case law under the Guidelines, the record is almost utterly devoid of examples of offenders who properly fall within the voluntary disclosure of the offense (§5K2.16) downward departure Guideline.

---

[2] According to statistics compiled by the U.S. Sentencing Commission, the median §5K1.1 decrease in months (from the Guidelines minimum) for all defendants in fiscal year 2003 was 26. The median §5K1.1 decrease in months for defendants sentenced for fraud was 12.  For fiscal year 2004 (Post-*Blakely*) the median §5K1.1 decrease in months for all defendants was 27, and for fraud defendants was 11. Post-*Booker* statistics as of February 22, 2006, show a median §5K1.1 decrease in months for all defendants of 28, and for fraud defendants of 12. Ms. Faber's decrease in months (from her Guidelines minimum of 30) was only 6. See U.S. Sentencing Commission 2003 Sourcebook for Federal Sentencing Statistics, Table 30; U.S.S.C. 2004 Sourcebook for Federal Sentencing Statistics, Table 30; U.S. Sentencing Commission Final Report on the Impact of United States v. Booker on Federal Sentencing, D-22. The cited portions of the Commission's reports are appended to this motion.

6. To grant an offender such as Ms. Faber the average downward departure received by scores of offenders who have already been caught and charged (and are typically looking at massive prison time) when they finally decide to cooperate with law enforcement authorities, is to label that offender's extraordinary conduct as ordinary in nature. In Ms. Faber's case, such a label does not fit. Of equal importance, a two level downward departure in these circumstances sends a message to current and future offenders in Ms. Faber's unique position that only ordinary credit will be given for their extraordinary act of confessing to an unknown crime. One of the sentencing factors the Court must consider under 18 U.S.C. § 3553(a) (2) (B), is the general deterrent effect of a proposed sentence, or "the need for the sentence imposed...to afford adequate deterrence to criminal conduct." In Ms. Faber's case, a sentence that recognizes the gravity of her offense, but also gives substantial credit for the truly extraordinary nature of her voluntary disclosure, is likely to encourage others in her unique position to come forward and confess to their crimes.

7. Ms. Faber's crime went undetected for more than five years, despite her relatively minimal and unsophisticated efforts to hide it from the victim and the victim's bookkeeper. It is undisputed that no crime was even remotely suspected or in danger of being uncovered. This Court already knows of the victim's desire that Ms. Faber not to go to prison, and of the Government's stipulation that Ms. Faber is entitled to the §5K2.16 downward departure. Ms. Faber is well aware that her current 24-month sentence is

4

effectively unreviewable on appeal and is entirely within the Court's sound discretion.

For all of the foregoing reasons, however, Ms. Faber prays that the Court depart another two levels downward and sentence her to a term of 18 months confinement. Undersigned counsel has consulted with the Government, which takes no position on Ms. Faber's Motion for Reconsideration.

Dated: May 12, 2006

Respectfully submitted,

SOLOMON L. WISENBERG
Wisenberg & Wisenberg, PLLC
DC Bar No. 464867
1711 N Street, NW, 2nd Floor
Washington, DC 20036
sol@wisenberglaw.com
(202) 261-3649

*Attorney for Janette Faber*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via facsimile (202-514-6010),

and postage prepaid, on this date, to:

Assistant U.S. Attorney
John Griffith
555 4th Street, NW
Washington, DC 20530
john.griffith@usdoj.gov

SOLOMON L. WISENBERG
Wisenberg & Wisenberg PLLC
1711 N Street, NW, 2nd Floor
Washington, DC 20036
sol@wisenberglaw.com
(202) 261-3649

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | No. CR-05-437-01 (RMC) |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| JANETTE FABER, | : | |
| Defendant. | : | |

## ORDER

Upon consideration of the defendant's Motion to Reconsider Sentence, the Court hereby vacates that portion of the April 21, 2006 Judgment (filed on May 2, 2006 and entered on the Court's docket on May 4, 2006) imposing a 24-month sentence of confinement, and instead imposes an 18-month sentence of confinement

ORDERED this _____ day of May, 2006, that the defendant's motion be granted.

_____
ROSEMARY M. COLLYER
U.S. District Judge

CC: Solomon L. Wisenberg
1711 N Street, NW, 2nd Floor
Washington, DC 20036
sol@wisenberglaw.com
(202) 261-3649

John Griffith
Assistant U.S. Attorney
555 4th Street, NW
Washington, DC 20530
john.griffith@usdoj.gov

7

APPENDICIES

**Table 30**

**SUBSTANTIAL ASSISTANCE CASES: DEGREE OF DEPARTURE
FOR OFFENDERS IN EACH PRIMARY OFFENSE CATEGORY[1]
Fiscal Year 2003**

| PRIMARY OFFENSE | n | Median Sentence in Months[2] | DEGREE OF DECREASE FOR SUBSTANTIAL ASSISTANCE | |
|---|---|---|---|---|
| | | | Median Decrease in Months From Guideline Minimum | Median Percent Decrease From Guideline Minimum |
| TOTAL | 9,742 | 33.0 | 26.0 | 49.9 |
| Murder | 7 | 360.0 | 23.4 | 52.3 |
| Manslaughter | 0 | -- | -- | |
| Kidnapping/Hostage Taking | 4 | 198.5 | 12.0 | 37.5 |
| Sexual Abuse | 7 | 27.0 | 26.0 | 47.4 |
| Assault | 7 | 14.0 | 7.0 | 56.1 |
| Robbery | 205 | 57.0 | 24.0 | 33.3 |
| Arson | 12 | 24.0 | 21.5 | 47.7 |
| Drugs - Trafficking | 6,337 | 48.0 | 37.0 | 45.2 |
| Drugs - Communication Facility | 55 | 21.0 | 18.0 | 50.0 |
| Drugs - Simple Possession | 6 | 12.0 | 22.0 | 80.0 |
| Firearms | 714 | 31.5 | 20.0 | 46.8 |
| Burglary/B&E | 2 | -- | -- | -- |
| Auto Theft | 30 | 16.5 | 16.4 | 60.9 |
| Larceny | 127 | 2.0 | 9.0 | 80.0 |
| Fraud | 994 | 0.0 | 12.0 | 99.9 |
| Embezzlement | 33 | 0.0 | 9.0 | 100.0 |
| Forgery/Counterfeiting | 133 | 5.0 | 8.0 | 66.7 |
| Bribery | 28 | 0.0 | 9.5 | 100.0 |
| Tax | 82 | 0.0 | 11.0 | 100.0 |
| Money Laundering | 197 | 12.0 | 18.0 | 59.5 |
| Racketeering/Extortion | 164 | 24.0 | 25.0 | 60.0 |
| Gambling/Lottery | 25 | 0.0 | 6.0 | 100.0 |
| Civil Rights | 10 | 12.0 | 12.0 | 55.6 |
| Immigration | 325 | 13.0 | 8.6 | 40.0 |
| Pornography/Prostitution | 24 | 15.0 | 16.5 | 54.4 |
| Prison Offenses | 15 | 18.0 | 7.0 | 35.1 |
| Administration of Justice Offenses | 103 | 0.0 | 12.0 | 100.0 |
| Environmental/Wildlife | 13 | 0.0 | 12.0 | 100.0 |
| National Defense | 2 | | -- | |
| Antitrust | 1 | -- | -- | -- |
| Food & Drug | 11 | 0.0 | 12.0 | 100.0 |
| Other Miscellaneous Offenses | 69 | 8.0 | 14.0 | 66.7 |

[1]Of the 70,258 cases, 10,360 received a substantial assistance departure. Of these, 10,052 had complete guideline application information. An additional 267 cases were excluded due to several logical criteria. Of the remaining 9,785 cases, 43 were excluded due to one or both of the following reasons: missing primary offense category (1) or missing sentence information (43).

[2]Cases with guideline minimums of life or probation (i.e., sentence lengths of zero months) were included in the sentence average computations as 470 months and zero months respectively, but were excluded from measures of decrease in the table.

SOURCE: U.S. Sentencing Commission, 2003 Datafile, USSCFY03.

PDF created with pdfFactory trial version www.pdffactory.com

**Table 30**

## SUBSTANTIAL ASSISTANCE CASES: DEGREE OF DEPARTURE
## FOR OFFENDERS IN EACH PRIMARY OFFENSE CATEGORY[i]
### Fiscal Year 2004, Post-Blakely (June 25, 2004, through September 30, 2004)

| PRIMARY OFFENSE | n | Median Sentence in Months[2] | DEGREE OF DECREASE FOR SUBSTANTIAL ASSISTANCE | |
|---|---|---|---|---|
| | | | Median Decrease in Months From Guideline Minimum | Median Percent Decrease From Guideline Minimum |
| TOTAL | 2,248 | 30.0 | 27.0 | 50.0 |
| Murder | 0 | -- | -- | |
| Manslaughter | 0 | -- | -- | -- |
| Kidnapping/Hostage Taking | 4 | 49.0 | 50.0 | 50.0 |
| Sexual Abuse | 2 | -- | -- | |
| Assault | 3 | 57.0 | 20.0 | 26.0 |
| Robbery | 39 | 40.0 | 24.0 | 35.1 |
| Arson | 2 | -- | -- | |
| Drugs – Trafficking | 1,395 | 48.0 | 39.0 | 45.5 |
| Drugs – Communication Facility | 17 | 30.0 | 18.0 | 37.5 |
| Drugs – Simple Possession | 3 | 0.0 | 6.0 | 100.0 |
| Firearms | 219 | 30.0 | 24.0 | 50.0 |
| Burglary/B&E | 1 | -- | -- | |
| Auto Theft | 2 | -- | -- | |
| Larceny | 31 | 8.0 | 10.0 | 66.7 |
| Fraud | 228 | 0.0 | 11.0 | 100.0 |
| Embezzlement | 6 | 0.0 | 6.0 | 99.8 |
| Forgery/Counterfeiting | 26 | 0.1 | 10.0 | 99.5 |
| Bribery | 8 | 0.0 | 11.5 | 100.0 |
| Tax | 33 | 0.0 | 10.0 | 100.0 |
| Money Laundering | 59 | 10.0 | 24.0 | 72.9 |
| Racketeering/Extortion | 25 | 18.0 | 21.0 | 61.9 |
| Gambling/Lottery | 5 | 0.0 | 6.0 | 100.0 |
| Civil Rights | 3 | 0.0 | 18.0 | 100.0 |
| Immigration | 74 | 13.0 | 8.0 | 33.8 |
| Pornography/Prostitution | 12 | 26.0 | 18.0 | 30.8 |
| Prison Offenses | 2 | -- | -- | |
| Administration of Justice Offenses | 29 | 0.0 | 15.0 | 100.0 |
| Environmental/Wildlife | 3 | 0.0 | 18.0 | 100.0 |
| National Defense | 1 | -- | -- | |
| Antitrust | 0 | -- | -- | |
| Food & Drug | 0 | -- | -- | -- |
| Other Miscellaneous Offenses | 16 | 1.5 | 13.5 | 97.3 |

[1]Of the 18,203 cases, 2,425 received a substantial assistance departure. Of these, 2,315 had complete guideline application information. An additional 55 cases were excluded due to several logical criteria. Of the remaining 2,260 cases, 12 were excluded due to one or both of the following reasons: missing primary offense category (0) or missing sentence information (12).

[2]Cases with guideline minimums of life or probation (i.e., sentence lengths of zero months) were included in the sentence average computations as 470 months and zero months, respectively, but were excluded from measures of decrease in the table.

SOURCE: U.S. Sentencing Commission, 2004 Datafile, USSCFY04, Post-Blakely Only Cases (June 25, 2004, through September 30, 2004).

**SUBSTANTIAL ASSISTANCE CASES: DEGREE OF DEPARTURE
FOR OFFENDERS IN EACH PRIMARY OFFENSE CATEGORY[1]**
**Cases Sentenced Subsequent to U.S. v. Booker with Data Available to USSC on February 22, 2006**

| PRIMARY OFFENSE | n | Median Sentence in Months[2] | DEGREE OF DECREASE FOR SUBSTANTIAL ASSISTANCE | |
|---|---|---|---|---|
| | | | Median Decrease in Months From Guideline Minimum | Median Percent Decrease From Guideline Minimum |
| TOTAL | 9,000 | 36.0 | 28.0 | 49.9 |
| Murder | 10 | 126.0 | 180.0 | 69.3 |
| Manslaughter | 0 | -- | -- | -- |
| Kidnapping/Hostage Taking | 4 | 114.5 | 115.5 | 47.1 |
| Sexual Abuse | 6 | 34.5 | 18.5 | 35.4 |
| Assault | 11 | 42.0 | 18.0 | 31.4 |
| Robbery | 166 | 51.0 | 31.5 | 35.8 |
| Arson | 10 | 35.0 | 22.5 | 49.0 |
| Drugs - Trafficking | 5,754 | 50.0 | 39.0 | 45.8 |
| Drugs - Communication Facility | 63 | 2.9 | 18.0 | 87.5 |
| Drugs - Simple Possession | 10 | 25.3 | 10.0 | 40.7 |
| Firearms | 770 | 36.5 | 24.0 | 46.8 |
| Burglary/B&E | 1 | -- | -- | -- |
| Auto Theft | 12 | 16.5 | 18.0 | 46.9 |
| Larceny | 117 | 5.0 | 10.0 | 66.7 |
| Fraud | 904 | 2.8 | 12.0 | 90.0 |
| Embezzlement | 15 | 0.0 | 12.0 | 100.0 |
| Forgery/Counterfeiting | 78 | 1.0 | 10.0 | 92.5 |
| Bribery | 52 | 6.0 | 15.5 | 77.5 |
| Tax | 81 | 0.0 | 10.0 | 100.0 |
| Money Laundering | 215 | 12.0 | 22.0 | 63.5 |
| Racketeering/Extortion | 153 | 30.0 | 30.0 | 51.1 |
| Gambling/Lottery | 16 | 0.0 | 8.0 | 100.0 |
| Civil Rights | 8 | 14.0 | 11.5 | 40.4 |
| Immigration | 284 | 8.3 | 9.0 | 50.0 |
| Pornography/Prostitution | 45 | 47.0 | 25.0 | 33.3 |
| Prison Offenses | 9 | 2.0 | 6.0 | 66.7 |
| Administration of Justice Offenses | 122 | 0.0 | 12.0 | 100.0 |
| Environmental/Wildlife | 13 | 0.0 | 10.0 | 100.0 |
| National Defense | 6 | 8.5 | 18.0 | 80.9 |
| Antitrust | 10 | 5.0 | 10.0 | 66.7 |
| Food & Drug | 6 | 0.0 | 12.0 | 99.9 |
| Other Miscellaneous Offenses | 49 | 2.0 | 15.0 | 86.7 |

[1] Of the 67,564 cases, 9,402 received a substantial assistance departure. Of these, 9,061 had complete guideline application information. An additional 37 cases were excluded due to several logical criteria. Of the remaining 9,024 cases, 24 were excluded due to one or both of the following reasons: missing primary offense category (0) or missing sentence information (24).

[2] Cases with guideline minimums of life or probation (i.e., sentence lengths of zero months) were included in the sentence average computations as 470 months and zero months respectively, but were excluded from measures of decrease in the table.

SOURCE: U.S. Sentencing Commission, Special Post-Booker Coding Project, BOOKER05 (data extracted February 22, 2006; table prepared February 23, 2006). Summary numbers may not add up to their component parts due to rounding.